**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DINESH BADE et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DEPARTMENT OF STATE et al.,**<br><br>**Defendants.** | ) | **Case No. 21-cv-01678 (APM)** |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are selectees of the 2020 and 2021 Diversity Visa ("DV") programs who wish to complete the interview component of their DV applications via videoconference.[1] Pls.' Request for a Prelim. Inj., ECF No. 3 [hereinafter Pls.' Br.], at 11–12. They seek to enjoin Defendants from requiring that interviews of DV applicants take place in person, arguing that the in-person interview requirement violates the Administrative Procedure Act ("APA"), the Due Process Clause of the Fifth Amendment, and the Government Paperwork Elimination Act. *Id.* at 14. Because Plaintiffs have not demonstrated that they have standing or that they are likely to succeed on the merits, the court denies their motion.

I.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In addition, "a party who seeks a preliminary

[1] Plaintiffs have represented that only the DV 2021 selectees bring this preliminary injunction motion. *See* Pls.' Request for a Prelim. Inj., ECF No. 3, at 11.

injunction must show a substantial likelihood of standing." *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015) (cleaned up).

II.

Plaintiffs argue that they "have standing to seek an injunction as they are at continuing risk of future illegal conduct" based on Defendants' refusal to permit applicants to complete interviews via videoconference. Pls.' Br. at 14. Plaintiffs appear to assert that they are at risk of suffering two injuries: (1) that their visas will not be finally adjudicated because Defendants' COVID-19 protocols limit their capacity to conduct in-person interviews, *see id.* at 13–14; and (2) that appearing for in-person interviews may expose applicants to COVID-19, *see* Pls.' Resp. to Defs.' Mot. to Dismiss & Reply in Supp. of Request for a Prelim. Inj., ECF No. 13 [hereinafter Pls.' Reply], at 10. Under the law of this Circuit, plaintiffs who argue that they face an increased risk of harm must show that the defendants' actions "*substantially* increased" the risk that a specific plaintiff will face harm and demonstrate "a *substantial* probability" that the plaintiff will suffer "harm with that increase taken into account." *Food & Water Watch*, 808 F.3d at 914 (internal quotation marks omitted). Plaintiffs may not "aggregate a series of remote and speculative claims" to establish standing and must identify a "particular individual" who will be harmed. *See Pub. Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*, 489 F.3d 1279, 1293–94 (D.C. Cir. 2007).

Both of Plaintiffs' asserted increased-risk injuries fail because Plaintiffs have not established that any one among them will suffer the injuries imminently. *See id.* (noting an "imminence problem arises" when "no one can say who" specifically in a group will suffer an injury). First, as to the increased risk that Plaintiffs' DV applications will not be adjudicated, Plaintiffs have not identified any individual Plaintiff who likely would have had their DV application adjudicated if not for the in-person interview requirement. Instead, they impermissibly

rely on the likelihood that, in the aggregate, some number of them are substantially likely to not have their DV applications adjudicated if they are required to appear in person. *See* Pls.' Br. at 13–14. Plaintiffs therefore have not adequately demonstrated that they are substantially likely to have standing. *Food & Water Watch*, 808 F.3d at 914.

Second, as to Plaintiffs' increased risk of contracting COVID-19, Plaintiffs again have not identified any facts showing that any individual Plaintiff faces a substantial risk of contracting COVID-19 because of the in-person interview requirement. They identify three Plaintiffs who will need to travel to complete their in-person interviews, and they assume these Plaintiffs face a risk of infection based on the assertion that "the deadly Delta variant is raging in Europe." Pls.' Reply at 10. But Plaintiffs have offered just a couple statistics about the global death toll from the COVID-19 pandemic and the cumulative case count in Poland as support for the risk that Plaintiffs face. *See id.* This evidence is insufficient to show that there is a substantial probability that any individual Plaintiff will contract COVID-19 if they travel to complete their interview. *See Food & Water Watch*, 808 F.3d at 914. Based on this evidence, the court cannot conclude that Plaintiffs have demonstrated a substantial likelihood of standing.

III.

Even if this court were to conclude that Plaintiffs have standing, their motion would still fail because they have not shown that they are likely to succeed on the merits of their claims under the APA or the Due Process Clause or on their claim that the in-person interview requirement is *ultra vires*.

*First*, Plaintiffs are unlikely to demonstrate that the in-person interview requirement for immigrant visa applicants violates the APA. Congress delegated the particular "form and manner" that immigrant visa applications must take to the Department of State. *See* 8 U.S.C. § 1202(a). It

further required that, "[e]xcept as may be otherwise prescribed by regulations, each application for an immigrant visa shall be signed by the applicant *in the presence of the consular officer*." *Id.* § 1202(e) (emphasis added). Congress therefore gave the Department of State "wide-ranging discretion" in determining the form and manner of immigrant visa applications, *cf. Farrell v. Blinken*, No. 19-5357, 2021 WL 2932152, at *8 (D.C. Cir. July 13, 2021) (interpreting a similar statute permitting the Secretary "to prescribe regulations to govern" certain determinations to permit an in-person requirement), and explicitly contemplated that certain aspects of immigrant visa applications would occur in person. Against this backdrop, the Department of State's legislative regulations requiring in-person interviews are not "arbitrary, capricious, or manifestly contrary to the statute," and thus are entitled to "controlling weight." *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984).

*Second*, Plaintiffs are unlikely to succeed on their due process claim because they have not established that they are entitled to due process. "The Supreme Court has long held that non-resident aliens who have insufficient contacts with the United States are not entitled to Fifth Amendment protections." *Jifry v. F.A.A.*, 370 F.3d 1174, 1182 (D.C. Cir. 2004). Plaintiffs are, by definition, non-resident aliens, *see* 8 U.S.C. § 1153(c), and they have not demonstrated any contacts with the United States that would entitle them to the protections of the Fifth Amendment. *See People's Mojahedin Org. of Iran v. U.S. Dep't of State*, 182 F.3d 17, 22 (D.C. Cir. 1999) ("Aliens receive constitutional protections only when they have come within the territory of the United States and developed substantial connections with this country." (alterations omitted) (quoting *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990))). Accordingly, Plaintiffs' due process claim is unlikely to succeed on the merits.

*Third*, Plaintiffs have not identified any provision of the Government Paperwork Elimination Act that Defendants violate by requiring in-person interviews. They concede that Defendants have accepted electronic visa applications, Pls.' Reply at 22, and have not identified any way that Defendants "den[y] legal effect, validity, or enforceability" of the electronic signatures on those documents, Pub. L. No. 105-277, § 1707, 112 Stat. 2681 (1998), by requiring further confirmation of the application to occur in person. Accordingly, they are unlikely to succeed in demonstrating that in-person interviews violate the Government Paperwork Elimination Act.

IV.

For the foregoing reasons, the court denies Plaintiffs' Request for a Preliminary Injunction, ECF No. 3.

Dated: August 4, 2021

Amit P. Mehta
United States District Court Judge