UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DINESH BADE et al.,** )<br>)<br>    **Plaintiffs,** )<br>)<br>        v. )<br>)<br>)<br>**DEPARTMENT OF STATE et al.,** )<br>)<br>    **Defendants.** )<br>) | Case No. 21-cv-01678 (APM) |

## MEMORANDUM OPINION

Plaintiffs are selectees of the 2020 and 2021 Diversity Visa ("DV") programs who wish to complete the interview component of their DV applications via videoconference, which Defendants have refused to allow. Complaint for Inj. & Decl. Relief, ECF No. 1 ¶¶ 1. The DV 2021 selectees previously moved for a preliminary injunction to compel their preferred mode of interview, but the court denied that motion because they failed to establish a substantial likelihood of standing and a substantial likelihood of success on the merits. *See Bade v. Dep't of State*, No. 21-CV-01678 (APM), 2021 WL 3403938, at *2–3 (D.D.C. Aug. 4, 2021). Defendants now seek to dismiss Plaintiffs' claims on the same grounds they advanced for denial of the preliminary injunction. *See* Defendants' Cross-Mot. to Dismiss, ECF No. 11, Defs.' Mem. of P & A in Supp. of Defs.' Cross-Mot & in Opp'n to Pls.' Mot. for Prelim. Inj., ECF No. 11-1, at 19. For the reasons stated below, the court grants Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

"The defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). In its earlier ruling in this matter, this court held that Plaintiffs

had not carried their burden of establishing a substantial likelihood of standing at preliminary injunction stage. Specifically, the court held no Plaintiff had established an injury in fact, either in the form of an increased risk of not receiving a diversity visa or an increased risk of contracting COVID-19 due to the in-person interview requirement. *Bade*, 2021 WL 3403938, at *2–3.

The court now reaches that same conclusion, under the less stringent motion to dismiss standard. *See Humane Soc'y of the U.S. v. Vilsack*, 797 F.3d 4, 8 (D.C. Cir. 2015) (stating that a plaintiff must make a "plausible claim" of standing to survive a motion). Plaintiffs' argument for standing rests on the same two grounds advanced in the motion for preliminary injunction: the denial of a remote interview, they claim, will increase (1) the likelihood of a diversity visa denial and (2) their risk of being exposed to COVID-19. Pls.' Resp. to Defs.' Mot. to Dismiss & Reply in Supp. of Request for Prelim. Inj., ECF No. 13, at 10–11. But these theories are too speculative and nearing conjecture to constitute standing, even under a plausibility standard. *See O'Shea v. Littleton*, 414 U.S. 488, 497–498 (1974) (holding that theories of standing resting on speculative events and wholly conjectural events are insufficient to establish standing). Plaintiffs have not plausibly alleged that the denial of a video interview will substantially increase the risk that any particular Plaintiff will not receive a diversity visa. *See Pub. Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*, 489 F.3d 1279, 1293–94 (D.C. Cir. 2007) (holding that an imminence problem arises when no specific individual is found to be at risk). Nor have they plausibly alleged that an in-person interview for any particular Plaintiff will substantially increase his or her exposure to COVID-19. *See Bade*, 2021 WL 3403938, at *2–3. Plaintiffs cannot rely on a collective theory of standing, and they have not established that any one of them plausibly faces a substantially increased risk of harm.

For foregoing reasons, the court grants Defendants' Motion to Dismiss. A final, appealable order accompanies this Memorandum Opinion.

Dated: March 8, 2022

Amit P. Mehta
United States District Court Judge